JAMES KRUEGER, ESQ. 492
2065 Main Street, Suite 102
Wailuku, Maui, Hawaii 96793
(808) 244-7444 (Telephone)
(808) 244-4177 (Facsimile)

Attorney for Plaintiffs
JK:tds

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RANDI CHERYL VISHNO, JEREMY GORDON VISHNO, <br><br> Plaintiffs, <br><br> vs. <br><br> MAUI'S BEST DOWNHILL LLC, JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, JOHN DOE PARTNERSHIPS 1-5, ROE NON-PROFIT CORPORATIONS 1-5, AND ROE GOVERNMENTAL AGENCIES 1-5, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT |

## COMPLAINT

1. At all times relevant, plaintiffs were citizens of the State of Connecticut.

2. At all times relevant, defendant was a business entity whose precise state of incorporation or citizenship was that of Hawaii, and which did business in the State of Hawaii, County of Maui.

3. Plaintiff alleges on information and belief that, directly or indirectly,

the conduct of other defendants, presently unknown to plaintiff, was or may have been a legal cause of the occurrence complained of and/or the injury, damage, or loss thereby sustained by plaintiff as a result of which all defendants, identified and unidentified, may be legally, jointly and severally liable to plaintiff for injuries and losses sustained, inasmuch as the conduct of each defendant may have coincided with and/or occurred with that of each and every other defendant named and unnamed. Although presently unknown to plaintiffs, plaintiffs allege, on information and belief, that, directly or indirectly, conduct of the unidentified defendants, presently unknown to plaintiffs, was or may have been a legal cause of the occurrence complained of and/or the injury, damage, or loss thereby sustained by plaintiffs, as a result of which all defendants, unidentified and identified, may be legally, jointly and severally, liable to plaintiffs for their injuries and losses sustained by them, inasmuch as the conduct of each defendant may have coincided with and/or concurred with that of each and every other defendant, named or unnamed.

4. All events described herein occurred in the County of Maui, State of Hawaii, so that this Court is the appropriate venue for, and has jurisdiction over, this proceeding and the parties herein.

5. At all times relevant, named defendant conducted tours for pay for tourists and others descending Haleakala Highway, Maui, Hawaii, on bicycles.

6. At all times relevant, plaintiffs were customers of named defendant descending Haleakala Highway on August 13, 2019 on a bicycle tour on Haleakala Highway conducted by named defendant.

7. At all times relevant, named defendant conducted, directed, staffed, supervised, administered, and operated the aforesaid tour, the course whereat it was to occur, and the equipment used by plaintiffs and other tour members.

8. At all times relevant, named defendant provided a bicycle for plaintiffs to ride while participating in the aforesaid tour.

9. While on Haleakala Highway, a public way in Makawao, County of Maui, named defendant <u>operated a bicycle tour at an excessive speed</u>, thereby causing plaintiff Randi Cheryl Vishno to lose control of the bicycle ridden by her so as to cause her to crash and tumble onto the adjacent roadway to it.

10. Named defendant failed to disclose to plaintiff the fact or degree of danger inherent in participating in the tour activity to which plaintiffs could foreseeably be exposed during the tour, and failed to warn plaintiffs thereof.

11. Named defendant failed to warn plaintiff of the dangers inherent in the aforesaid tour, which dangers were unreasonably dangerous.

12. On or before August 13, 2019, named defendant advertised, represented, and/or warranted that the said proposed tour could be safely engaged in by plaintiffs, whereas, in fact, defendant knew, or should have known, that said tour presented undisclosed hazards and dangers, as a result of which the aforesaid representation and warranty was thereby breached.

13. Defendant advertised in the internet at mauibestdownhill.com that: "<u>If you want to go slower, play it safe</u>, and be entertained while you savor your experience riding down the Haleakala Volano, then Guided Bike Tour, is your best option." (emphasis supplied)

14. On or before August 13, 2019, named defendant knew or should have known that its tour equipment was dangerous, and/or defective, and/or improperly maintained, and/or constituted a foreseeably dangerous condition, risk, or hazard to patrons of defendant, and/or any of them, including plaintiffs.

15. Named defendant is liable to plaintiffs for injuries sustained pursuant to <u>H.R.S.</u> 663-1.54.

16.    Named defendant's conduct, mentioned above, was unreasonably negligent and a legal cause of serious injuries suffered by plaintiff as discussed herein.

17.    Neither plaintiff engaged in any negligent conduct which was a legal cause of their, and/or either of their, damages.

18.    Injuries, damages, and losses sustained by plaintiffs were a legal result of the conduct of named defendant's negligent conduct so that plaintiffs suffered and sustained severe and permanent physical injury and mental distress, limitation of activity, diminution of enjoyment of life, together with the need for past, present and future medical and related treatment, care and related expense, together with other damages as shall be proved at trial.

19.    As a further legal result of the foregoing, Jeremy Gordon Vishno sustained serious grief and severe and permanent mental and emotional distress caused by seeing his wife, Randi Cheryl Vishno, suffering permanent brain and bodily injury, on and after August 13, 2019, as well as diminution or loss of marital consortium, guidance, <u>aloha</u>, services, and companionship which he had enjoyed with her before August 13, 2019, and other related damages, as shall be proved at time of trial.

20.    The amount of damages suffered, and continuing to be suffered by plaintiffs, and/or each of them, exclusive of interest and costs, exceeds $75,000.00, and is sufficient to vest this Court with jurisdiction, pursuant to 28 <u>U.S.C.</u> Section 1332(a)(2),(c)(1).

WHEREFORE, upon a hearing hereof, plaintiffs pray that judgment be entered in their favor and/or against named defendant, and/or others, jointly and severally, for such damages as to which they, or either of them, shall be entitled pursuant to proof adduced at trial, together with costs of suit, attorney's fees, pre-judgment interest, post-judgment interest, and such other and further relief as to

which they, or any of them, shall be entitled pursuant to Rule 54(c), <u>Federal Rules of Civil Procedure</u>.

DATED:  Wailuku, Maui, Hawaii, August 10, 2021.

<u>/S/JAMES KRUEGER, ESQ.</u>
JAMES KRUEGER, ESQ.
Attorney for Plaintiffs